**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CEVDET UYGUR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-676-D |
| | ) | |
| SCARLET GRANT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Cevdet Uygur filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Türkiye who entered the United States on or around May 18, 2022. Petitioner was released, and he applied for asylum on August 1, 2022.

Petitioner has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since October 23, 2025, and his removal proceedings are ongoing. Petitioner is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma.

Petitioner is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). In his Petition, Petitioner contends that § 1225(b)(2)(A) "does not apply to people like Petitioner, who were released under § 1226 by DHS and already residing in the United States when they were unexpectedly re-detained." [Doc. No. 1, at 11]. Because of his assertion that § 1225(b)(2)(A) does not apply to him, Petitioner further asserts that he is being held in violation of the Immigration and

Naturalization Act, 8 U.S.C. § 1101 *et seq*. (INA). Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a).

Respondents filed a Response in Opposition to Petition for Writ of Habeas Corpus [Doc. No. 7], and Petitioner did not file a reply. The matter is fully briefed and at issue.

As to Respondents' jurisdictional arguments, the undersigned has previously found that 8 U.S.C. § 1252(g) does not jurisdictionally bar the Court's consideration of Petitioner's Petition. *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025) ("[B]ecause Petitioner does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, the Court concludes that 8 U.S.C. § 1252(g) does not jurisdictionally bar consideration of the Petition."); *see also Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026) (same).

Further, the Court rejects Respondents' argument that this Court lacks jurisdiction because 8 U.S.C. § 1252(a)(5) and § 1252(b)(9) channel claims related to removal orders to the appropriate court of appeals. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]"); *see also* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."). Here, because Petitioner is challenging his order of

detention, and not an order of removal, these provisions do not deprive the Court of jurisdiction. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("[Section] 1252(b)(9) does not present a jurisdictional bar" where a group of noncitizens "[were] not asking for review of an order of removal; they [were] not challenging the decision to detain them in the first place or to seek removal; and they [were] not even challenging any part of the process by which their removability will be determined."); *see also Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026); *Alghananim v. Figueroa*, No. CIV-26-69-HE, Doc. No. 9, at 2 n.1 (W.D. Okla. Mar. 2, 2026).

Next, Respondents assert that § 1225(b)(2)(A) applies to Petitioner's detention, and not § 1226(a). Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

As Respondents acknowledge, this Court has previously construed § 1225(b)(2)(A) as unambiguously requiring that an "applicant for admission" also be "seeking admission" for the section to control.[1] *See Colin*, 2025 WL 3645176, at *4. Further, this Court has

---

[1] On this issue, the Court finds persuasive the analysis provided by the Second Circuit in *Cunha v. Freden*, No. 25-3141-pr (2d. Cir. Apr. 28, 2026) and by the Seventh Circuit in *Castañon-Nava v.*

previously declined to find that refusing to self-deport or submitting an asylum application constitute "seeking admission" for purposes of § 1225(b)(2)(A). *Cruz-Hernandez*, 2026 WL 18932, at *1; *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum."); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *1-2 (W.D. Okla. Jan. 23, 2026) (ordering the respondents to provide the petitioner a bond hearing under § 1226(a) where the petitioner had been released on his own recognizance and later applied for asylum).

In this case, because Petitioner has been residing in the United States for years and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Malacidze*, 2026 WL 227155, at *3. Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing.[2] *See Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings*, 583 U.S. at 306) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

---

*U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). The Court also acknowledges the contrary 2-1 decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

[2] Given this determination, the Court declines to address Petitioner's remaining claims at this time.

4

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein. Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 29th day of April, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE